UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| THE REYNOLDS AND REYNOLDS COMPANY, *et al.*, | : : : | Case No. 1:21-cv-223 |
| Plaintiffs, | : : | Judge Timothy S. Black |
| vs. | : : | |
| WESTLIE MOTORS, INC., *et al.*, | : : | |
| Defendants. | : | |

**ORDER: (1) DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT; AND (2) ORDERING SERVICE ON DEFENDANT**

This civil case is before the Court on Plaintiffs The Reynolds and Reynolds Company, Reyna Capital Corporation, and Coin Data LLC's motion for default judgment (Doc. 17). Defendant Westlie Motors, Inc. has not responded.

**I.  BACKGROUND**

This is a breach of contract action. Plaintiffs originally filed their complaint in the Montgomery County Court of Common Pleas on February 17, 2021. (Doc. 2). Defendant, with the assistance of counsel, removed based on diversity jurisdiction.[1] (Doc. 1). The original complaint was served on Defendant at 40 South Marina Way, Washougal, WA 98671. (Doc. 18-1). After removal, Plaintiffs filed their operative amended complaint on April 6, 2021. (Doc. 5). The Court granted Defendant two

---

[1] The original complaint named Randy Dickerson, a shareholder and agent of Westlie Motors, as a defendant. (Doc. 2). Plaintiffs sought to hold Dickerson jointly and severally liable. The amended complaint dropped Dickerson as a defendant. (Doc. 5). Accordingly, the Clerk shall terminate Randy Dickerson as a defendant.

extensions of time to respond to the amended complaint, making Defendant's responsive pleading due May 27, 2021. (*See* 4/14/2021, 5/20/2021 Notation Orders).

Defendant, still represented by counsel, did not respond. On August 12, 2021, Plaintiffs applied to the Clerk for an entry of default, which entry of default was entered the next day. (Docs. 15, 16). On August 17, 2021, Plaintiffs filed their motion for default judgment. (Doc. 17). The motion for default judgment was served on Defendant through counsel. (Doc. 17 at 2).

On August 23, 2021, counsel for Defendant moved to withdraw. (Doc. 19). The motion was served on Defendant at its "40 South Marina Way" address. (*Id.* at 3). Accompanied with the motion was a letter (the "Default Letter"), which letter was signed and acknowledged by Randy and Charlotte Dickerson, individually and on behalf of Defendant on May 24, 2021. (Doc. 19-1 at 3-4.) By signing the Default Letter, Defendant acknowledged that: (1) it instructed counsel not to file an answer or otherwise respond to Plaintiffs' complaint; (2) it instructed counsel to allow Plaintiffs to take default judgment; and (3) that if default judgment were entered, Defendant would concede the allegations in the complaint and Plaintiffs could execute judgment against Defendant's assets and interests. (*Id.*) The Default Letter was sent to Defendant at its "40 South Marina Way" address. (*Id.* at 3).

On September 1, 2021, the Court granted the motion to withdraw. (Doc. 20). The Court advised Defendant that it could not proceed in the civil action without new counsel. (*Id.* at 2). The Court stayed the action for a period of 30 days, to afford Defendant time to retain new counsel, and if it so decided, to move aside the entry of default. (*Id.*) The

Clerk served a copy of the Order on Defendant via certified mail at the "40 South Marina Way" address, however, the mail was returned as unclaimed. (Doc. 23). More than 30 days have passed since the Court's Order, and there have been no further filings from either party.

## II. STANDARD OF REVIEW

Applications for default judgment are governed by Fed. R. Civ. P. 55(b)(2). "If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing." *Id*. "The required notice does not have to be in any particular form. Rather, the major consideration is that the party is made aware that a default judgment may be entered against him." *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) (cleaned up).

## III. ANALYSIS

An entry of default has been entered by the Clerk. (Doc. 16). Plaintiffs now move for default judgment against Defendant pursuant to Federal Rule of Civil Procedure 55(b)(2). However, before considering the merits of the motion, the Court raises an initial concern: Defendant's notice of default.

The motion for default judgment was filed on August 17, 2021 while Defendant was represented by counsel. This *usually* completes service of the motion. Fed. R. Civ. P. 5(b)(1) ("If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party."). However, on August 23, 2021, Defendant's counsel moved to withdraw, attaching the Default Letter. (Doc. 19-1

3

at 3-4). Although the Default Letter is an acknowledgment by Defendant of the consequences of default, it was signed by Defendant on May 24, 2021—*before* the Clerk's entry of default and *before* the motion for default judgment was filed. (*Id.*)

This raises the Court's concern because the Default Letter, the motion to withdraw, and the Court's Order granting the motion to withdraw (which Order stayed the case and advised Defendant that it must retain new counsel given its corporate status) were all sent to the "40 South Marina Way" address. Mail sent to "40 South Marina Way" has been returned as unclaimed and undeliverable. (Docs. 22, 23).

Moreover, based on the documentation provided by Plaintiffs when moving for default, this address may be an incorrect mailing address. The documentation shows that Defendant's principal office street address is "40 S. Marina Way," but the mailing address is "1900 SE 97th Avenue, Vancouver, WA 98664." (Doc. 18-2). And, although "40 S. Marina Way" was the address where Plaintiffs sent the original complaint, Defendant questioned (correctly or not) whether service of process was complete on removal. (Doc. 1 at ¶ 2).

Given the foregoing, the Court cannot yet find that Defendant has been given notice that default judgment may be entered against it. Accordingly, pursuant to Fed. R. Civ. P. 5(b), the Court will order service on Defendant, as detailed *infra*.

Additionally, notwithstanding service issues, Plaintiffs' motion is denied because, in short, Plaintiffs failed to show their work. *See Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009) ("Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the

4

damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.").

For example, in support of compensatory damages, Plaintiffs attach the affidavit of Sheri Robinson, the Vice President of Accounting for The Reynolds and Reynolds Company with knowledge of affiliates, Reyna Capital Corporation and Coin Data, LLC. (Doc. 18-12). Robinson avers that Reynolds is owed $406,027.76 for a contract term through August 1, 2023; Reyna is owed $14,534.77 for a contract term through August 1, 2023; and Coin Data is owed $112,411.20 for a contract term through May 1, 2023. However, Robinson does not show where in the contracts Plaintiffs are entitled to recover future amounts or that the terms expire in 2023. Robinson does not explain how she calculated the amounts owed. Based on the Robinson affidavit, the Court cannot ascertain the damages each Plaintiff seeks with reasonable certainty.[2]

In another example, Plaintiffs seek $26,069.30 in attorney fees and costs pursuant to the contracts. In support of attorney fees, Plaintiffs attach the declaration of counsel, John Allen. (Doc. 18-11). Although Allen provides billing rates for three timekeepers and declares 92 hours were spent on the matter, Allen conclusory opines that the total number of hours spent, and fees incurred, were reasonable. Allen does not provide any evidence of what work was performed or by whom. *The Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 702 (6th Cir. 2016) ("The award-seeking party should

---

[2] Plaintiffs' counsel also provides no support that such future damages sought are permitted for the breach of contract claims under Ohio law.

5

submit evidence of the hours worked and the rates sought.") (applying lodestar method).

So, the Court is simply left guessing whether the amount is reasonable.

### IV. CONCLUSION

Based upon the foregoing,

1. Pursuant to Fed. R. Civ. P. 5(b), Plaintiffs are **ORDERED** to serve: (i) a copy of this Order; and (ii) a copy of Court's 8/23/2021 Order on Defendant. Plaintiffs **SHALL** file proof of completed service.

2. Plaintiffs' motion for default judgment is **DENIED without prejudice**. Plaintiffs may file a renewed motion for default judgment with supplemental briefing and supporting documentation **fourteen (14) days after** filing a notice of completed service.

3. As previously iterated, the Clerk has already entered default against Defendant. Defendant must retain new counsel to proceed in this civil action. Failure to appear through counsel may result in default judgment being entered against Defendant and in favor or Plaintiffs, provided Plaintiffs' damages may be ascertained with reasonable certainty.

**IT IS SO ORDERED.**

Date: 9/27/2022

*s/Timothy S. Black*
Timothy S. Black
United States District Judge