UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| THE REYNOLDS AND REYNOLDS COMPANY, *et al.*, | : : : | Case No. 1:21-cv-223 |
| Plaintiffs, | : : | Judge Timothy S. Black |
| vs. | : : | |
| WESTLIE MOTORS, INC., *et al.*, | : : | |
| Defendants. | : | |

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**

This civil case is before the Court on Plaintiffs The Reynolds and Reynolds Company, Reyna Capital Corporation, and Coin Data LLC's motion for default judgment and brief in support (Docs. 34, 35). Defendant Westlie Motors, Inc. has not responded.[1]

## I.  BACKGROUND

**A.  Factual Background**

Plaintiffs The Reynolds and Reynolds Company, the Reyna Capital Corporation, and COIN Data LLC (collectively, "Plaintiffs"), bring this breach of contract action against Defendant Westlie Motors, Inc. ("WMI"). (Doc. 5).

Plaintiffs are providers of various software and database services and hardware. (*Id.* at ¶¶ 1-3). WMI entered into contracts with each Plaintiff. (*Id.* at ¶¶ 7, 22, 36; *see also* Doc. 35-1 at 14-78, 98-102, 108-109). The Reynolds and Reynolds Company

---

[1] The original complaint named Randy Dickerson, a shareholder and agent of Westlie Motors, as a defendant. (Doc. 2). The amended complaint dropped Dickerson as a defendant, so the Court ordered him terminated from the docket. (Doc. 24 at 1, n.1).

contract and the Reyna Capital Corporation contract were set to expire on August 1, 2023. (Doc. 5 at ¶¶ 11, 25). The COIN Data contract was set to expire on May 1, 2023. (*Id*. at ¶ 41). On September 3, 2019, WMI requested early cancellation of all three contracts. (*Id*. at ¶¶ 12, 26, 41). Based on early termination, Plaintiffs claim amounts due and owed by WMI pursuant to the contracts. (*Id*. at ¶¶ 13-18, 27-32, 42-47).

### B. Procedural Background

The Court previously explained the procedural background when denying Plaintiffs' first motion for default judgment. (Doc. 24). To summarize:

This action was removed by WMI, with the assistance of counsel. (Doc. 1). After removal, Plaintiff filed the operative Amended Complaint, and WMI was granted two extensions of time to respond. (Doc. 5; 4/14/2021 Notation Order; 5/20/2021 Notation Orders). WMI's response was due May 27, 2021; however, WMI failed to timely respond. Thus, on August 12, 2021, Plaintiffs applied to the Clerk for an entry of default, which entry of default was entered the next day. (Docs. 15, 16). And, on August 17, 2021, Plaintiffs filed their motion for default judgment, which motion was served on WMI through counsel. (Doc. 17).

A week later, counsel for WMI moved to withdraw. (Doc. 19). The Court granted the motion to withdraw; however, advised WMI that it could not proceed in the civil action without new counsel because it was a corporate entity. (Doc. 20). Accordingly, the Court stayed the action for a period of 30 days, to afford WMI time to retain new counsel, and if it so decided, to move aside the entry of default. (*Id*. at 2). More than 30 days passed, and there were no further filings from either party.

The Court then turned to Plaintiffs' motion for default judgment. (Doc. 17). The Court noted specific concerns with: (i) whether WMI was served and had notice of the motion for default judgment; and (ii) whether Plaintiffs properly supported their motion for default judgment. (Doc. 24). Thus, the Court denied the motion for default judgment without prejudice, subject to refiling, after Plaintiffs served WMI. (*Id.*)

Per the Court's Order, Plaintiffs served WMI, putting WMI on notice of the potential default judgment. (Doc. 31). WMI did not, and has not, responded to any filing. Accordingly, per the Court's order, Plaintiffs renewed their motion for default judgment. (Docs. 34, 35).[2]

## II. STANDARD OF REVIEW

Applications for default judgment are governed by Fed. R. Civ. P. 55(b)(2). "Following the clerk's entry of default pursuant to Fed. R. Civ. P. 55(a) and the party's application for default under Rule 55(b), the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven." *Wood v. Bronzie*, No. 1:20-CV-231, 2020 WL 4015247, at *1 (S.D. Ohio July 16, 2020) (quotation and citations omitted). To do so, the civil rules "require that the party moving for a default judgment must present some evidence of its damages." *Mill's*

---

[2] The Court also issued an Order to Show Cause to Plaintiffs to ensure that the Court had subject matter jurisdiction over the action. (Doc. 36). Plaintiffs responded, properly demonstrating that diversity jurisdiction exists because amount in controversy exceeds $75,000 and the parties are citizens of different states. 28 U.S.C. § 1332. Accordingly, the Court finds that Plaintiffs have satisfied the Order to Show Cause.

*Pride, L.P. v. W.D. Miller Enterprises, LLC*, No. 2:07-CV-990, 2010 WL 987167, at *1 (S.D. Ohio Mar. 12, 2010).

When considering damages, this Court is required to "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Osbeck v. Golfside Auto Sales, Inc.*, No. 07-14004, 2010 WL 2572713, at *4 (E.D. Mich. June. 23, 2010). To ascertain a sum of damages, Rule 55(b)(2) "allows but does not require the district court to conduct an evidentiary hearing." *Vesligaj v. Peterson*, 331 F. App'x 351, 354-55 (6th Cir. 2009). An evidentiary hearing is not required if the Court can determine the amount of damages by computation from the record before it. *HICA Educ. Loan Corp. v. Jones*, No. 4:12 CV 962, 2012 WL 3579690, at *1 (N.D. Ohio Aug. 16, 2012). The Court may rely on affidavits submitted on the issue of damages. *Wood*, 2020 WL 4015247, at *1 (citation omitted).

### III. ANALYSIS

In this breach of contract action, Plaintiffs move for default judgment and an award of damages stemming from WMI's breaches of contract.

**A. Liability**

Because WMI defaulted, Plaintiffs' factual allegations in the complaint, except those related to damages, are deemed true. Upon review of the record, the Court finds that default judgment is warranted. WMI has made clear to the Court that it has no intention of defending this action. This is particularly true given WMI was notified on multiple occasions that failure to participate in the action would result in default judgment. (*E.g.*, Docs. 19-1, 20, 24). Thus, based on the allegations in the Amended

4

Complaint, which the Court accepts as true, and the evidence in support of the Plaintiffs' motion, the Court finds that: (1) WMI separately entered into contracts with The Reynolds and Reynolds Company, Reyna Capital Corporation, and COIN Data LLC (Doc. 5 at ¶¶ 7, 22, 36); and (2) WMI terminated each contract early, on September 3, 2019, constituting breaches of the contracts (*id.* at ¶¶ 12, 26, 41). With liability established, the Court must determine the extent of damages.

### B. Damages

Here, Plaintiffs seek a total of $393,023.71 in damages related to WMI's breaches of contract. In support of this amount, Plaintiffs provide the declaration of Daniel Uribe, the Director of Accounting and International Finance/Operations for Reynolds, who declares that he has knowledge of all three companies. (Doc. 35-1). Uribe provides a detailed calculation of amounts owed to each Plaintiff and documents supporting his final calculations. Given the evidence provided, the Court finds that the following compensatory damages have been proven with reasonable certainty: (a) $296,518.38 to The Reynolds and Reynolds Company; (b) $14,534.77 to Reyna Capital Corporation; and (c) $81,970.56 to COIN Data LLC. (Doc. 35-1 at ¶¶ 14, 23, 30).

### C. Attorney Fees and Costs

Plaintiffs also seek $45,188.00 in attorney's fees and $39.90 in costs, which are warranted pursuant to the contracts. (*See* Doc. 5 at 11, 51, 64).

"The party seeking attorneys fees bears the burden of documenting his entitlement to the award." *Reed v. Rhodes*, 179 F.3d 453, 472 (6th Cir. 1999). "To determine reasonable attorney's fees, courts begin multiplying 'a reasonable hourly rate' with 'the

5

number of hours reasonably expended on the litigation' to obtain what is 'known as the lodestar.'" *Arthur v. Robert James & Assocs. Asset Mgmt., Inc.*, No. 3:11-CV-460, 2012 WL 1122892, at *3 (S.D. Ohio Apr. 3, 2012) (quoting *Dowling v. Litton Loan Servicing LP*, 320 Fed. App'x. 442, 446 (6th Cir. 2009)). "The fee applicant 'should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly.'" *Reed*, 179 F.3d at 472 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

   *1. Hourly Rate*

"The district court has broad discretion in determining a reasonable hourly rate for an attorney." *The Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 715 (6th Cir. 2016) (citation omitted). "To determine a reasonable hourly rate, courts use as a guideline the prevailing market rate, which is defined as 'the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record.'" *Id.* (quoting *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004). A district court may look to "a party's submissions, awards in analogous cases, state bar association guidelines, and its own knowledge and experience in handling similar fee requests." *Van Horn v. Nationwide Pro. & Cas. Ins.*, 436 Fed. App'x 496, 499 (6th Cir. 2011). The Court may also consider an attorney's own normal billing rates to help calculate a reasonable fee. *Hadix v. Johnson*, 65 F.3d 532, 536 (6th Cir. 1995).

Plaintiffs have submitted the declaration of John Allen, attorney for Plaintiffs, in support of their request for reasonable attorney fees. (Doc. 35-2). Plaintiffs seek $310 per hour for work done by Allen, partner of John C. Allen, P.C. Plaintiffs also seek $270

6

per hour for work done by Aaron Weinberg, and John William Daugherty, Jr., who are associates at Allen's firm. Considering the experience of the attorneys in this case, the attorneys' normal billing rates, and the Court's own knowledge and expertise in handling similar fee requests, the Court finds that the requested hourly rates for Plaintiffs' attorneys are reasonable.

### *2. Reasonable Number of Hours*

In determining whether the number of hours expended on a case is reasonable, "the standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed." *Wooldridge v. Marlene Industries Corp.*, 898 F.2d 1169, 1177 (6th Cir. 1990), *abrogated on other grounds by Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598 (2001)). "The documentation offered in support of the hours charged must be of sufficient detail to enable a court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of such litigation." *Bench Billboard Co. v. City of Toledo*, 759 F. Supp. 2d 905, 913 (N.D. Ohio 2010), *aff'd in part, rev'd in part*, 499 F. App'x 538 (6th Cir. 2012) (citing *United Slate Tile and Composition Roofers v. G & M Roofing and Sheet Metal Co., Inc.*, 732 F.2d 495, 502, n. 2 (6th Cir. 1984)). Additionally, counsel is expected to exercise billing judgment by excluding "hours that were not 'reasonably expended.'" *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

Allen's affidavit attaches timesheets showing the number of hours billed in this case. (Doc. 35-2 at 6-25). The attorneys working on this case billed 156.8 total hours

7

through Plaintiffs' renewed motion for default judgment. After a thorough review of the timesheets of hours billed, the nature of the case, and the procedural posture leading to the renewed motion for default judgment, the Court finds that the number of hours expended on this case by counsel was reasonable.

Finally, Plaintiffs seek costs totaling $39.90, which costs are evidenced on the timesheets submitted by Allen. (Doc. 35-2 at 6-25). The Court finds these costs reasonable based on the documentation provided.

Accordingly, Plaintiffs are entitled to $45,227.90 in attorney's fees and costs.

**D. Interest**

Plaintiffs also seek "judgment interest in accordance with 28 U.S.C. § 1961." (Doc. 35 at 20).[3] "In diversity cases in [the Sixth] Circuit, federal law controls post judgment interest but state law governs awards of prejudgment interest." *Est. of Riddle ex rel. Riddle v. S. Farm Bureau Life Ins. Co.*, 421 F.3d 400, 409 (6th Cir. 2005).

*1. Prejudgment Interest*

For prejudgment interest, Ohio law governs pursuant to the contracts. (*See* Doc. 5 at 12; Doc. 5 at 51; Doc. 5 at 64). Under Ohio law, "[i]n actions for breach of contract, R.C. 1343.03(A) requires that interest begins to run from the date the debt was due and payable unless otherwise provided in the contractual agreement." *MRC Innovations, Inc. v. Lion Apparel, Inc.*, 2020-Ohio-694, ¶ 39, 152 N.E.3d 513, 526 (Franklin County, 10th Ct. Comm. Pl. 2020). "Although an award of prejudgment interest is required by law, a

---

[3] Plaintiffs take no effort to explain what amounts of interest are owed. Thus, the Court awards the foregoing amounts based on the mandatory statutory language.

8

trial court exercises its discretion in making a factual determination as to when a debt became due and payable." *Id.* The amount of prejudgment interest is calculated at a rate per annum pursuant to Ohio Rev. Code § 5703.47, unless a written contract provides a different rate of interest. Ohio Rev. Code. § 1343.03(A).

Here, the Court finds that, based on the allegations in the Amended Complaint, Plaintiffs' claims accrued on September 3, 2019, when WMI breached the contracts by deciding to terminate the contracts early. Concerning the interest rate, Plaintiffs do not cite any part of the contract considering prejudgment interest. Accordingly, interest shall be calculated at the statutory rate of 5% per annum[4] from September 3, 2019 until the date of judgment.[5] This yields the following amounts of prejudgment interest: (a) $50,895.55 to The Reynolds and Reynolds Company;[6] (b) $2,494.80 to Reyna Capital Corporation;[7] and (c) $14,069.74 to COIN Data LLC.[8]

---

[4] *See* https://tax.ohio.gov/researcher/interest-rates/interest-rates.

[5] The Court uses the following formula to calculate prejudgment interest: ((Principal Owed x .05) / 365)) x 1,253 days since due and payable). *See, e.g.*, *Leisure Sys., Inc. v. Roundup, LLC*, No. 1:11-CV-384, 2013 WL 12178113, at *5 (S.D. Ohio Sept. 17, 2013) (using the same) (applying Ohio law).

[6] (($296,518.38 x .05) / 365) x 1,253 = $50,895.55

[7] (($14,534.77 x .05) / 365) x 1,253 = $2,494.80

[8] (($81,970.56 x .05) / 365) x 1,253 = $14,069.74

### 2. *Post Judgment Interest*

Post judgment interest will also be awarded pursuant to 28 U.S.C. § 1961 ("interest shall be allowed on any money judgment in a civil case recovered in a district court"); *see also Associated Gen. Contractors of Ohio, Inc. v. Drabik*, 250 F.3d 482, 495 (6th Cir. 2001) ("the language of § 1961(a) permits the interest to run on an fee award from the time of entry of the judgment which unconditionally entitles the prevailing party to reasonable attorney fees"). The rate is "equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." *Id.* For the week proceeding judgment, this rate was 4.4%.[9] This yields the following interest per day: (a) $35.74 interest per day to The Reynolds and Reynolds Company;[10] (b) $1.75 interest per day to Reyna Capital Corporation;[11] (c) $9.88 interest per day to COIN Data LLC;[12] and (d) $5.45 interest per day on the fee award.[13]

---

[9] See http://www.treasury.gov/resource-center/data-chart-center/interest-rates/Pages/TextView.aspx?data=billrates.

[10] ($296,518.38 x 0.044) / 365 = $35.74

[11] ($14,534.77 x 0.044) / 365 = $1.75

[12] ($81,970.56 x 0.044) / 365 = $9.88

[13] ($45,227.90 x 0.044) /365 = $5.45

## IV. CONCLUSION

Based upon the foregoing:

1. Plaintiffs' motion for default judgment (Doc. 35) is **GRANTED**.

2. Judgment **SHALL** be entered in favor of Plaintiffs against Defendant.

3. Defendant **SHALL** pay damages in the following amounts:

    a. $296,518.38 to The Reynolds & Reynolds Company, plus $50,895.55 in prejudgment, plus post judgment interest in the amount of $35.74 per day until the judgment is paid.

    b. $14,534.77 to Reyna Capital Corporation, plus $2,494.80 in prejudgment interest, plus post judgment interest in the amount of $1.75 per day until the judgment is paid;

    c. $81,970.56 to COIN Data LLC, plus $14,069.74 in prejudgment interest, plus post judgment interest in the amount of $9.88 per day until the judgment is paid; and

    d. $45,227.90 in attorneys' fees and costs to John C. Allen, P.C., plus post judgment interest in the amount of $5.45 until the judgment is paid.

4. The Clerk shall enter judgment accordingly and terminate the case.

**IT IS SO ORDERED.**

Date: __2/7/2023__                  __s/Timothy S. Black__
Timothy S. Black
United States District Judge